Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275
**Shimoda Law Corp.**
9401 East Stockton Blvd., Suite 200
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733

Attorneys for Plaintiff KELLY HOOVER

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY HOOVER, | 2:17-cv-01328-TLN-CKD |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **CLASS ACTION CLAIMS:** |
| MOM365, INC. a Missouri Corporation; and DOES 1 to 100, inclusive, | 1. **Failure to Provide Accurate Wage Statements**<br>2. **Violation of Labor Code § 227.3**<br>3. **Waiting Time Penalties**<br>4. **Failure to Pay Minimum Wages**<br>5. **Failure to Provide Paid Rest Periods**<br>6. **Unfair Competition**<br>7. **Private Attorneys General Act Claims** |
| Defendants. | **INDIVIDUAL CLAIMS:**<br><br>8. **Disability Discrimination in Violation of FEHA**<br>9. **Failure to Accommodate and Engage in the Interactive Process**<br>10. **Failure to Prevent Discrimination**<br>11. **Retaliation in Violation of FEHA**<br>12. **Violation of Labor Code § 233**<br>13. **Wrongful Discharge in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**        Case No.  2:17-cv-01328-TLN-CKD        1

Plaintiff KELLY HOOVER (hereinafter "Plaintiff") hereby files this First Amended Complaint on behalf of herself and similarly situated employees against Defendants MOM365, INC., a Missouri Corporation; DOES 1 to 100, inclusive (hereinafter collectively referred to as "Defendants"). Plaintiff alleges the following:

## INTRODUCTION

1. This is a class action and Private Attorneys General Act ("PAGA") lawsuit brought by Plaintiff seeking unpaid wages, statutory penalties, and civil penalties for violations of the California Labor Code and restitution under the California Business & Professions Code. Plaintiff also asserts individual claims under the Fair Employment and Housing Act and Labor Code for discrimination and retaliation.

## PARTIES

2. Plaintiff KELLY HOOVER is an individual over the age of eighteen (18) and is, and at all times mentioned in this Complaint was, a resident of the State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendant MOM365, INC. is, and at all times mentioned in this Complaint was, a Missouri Corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

4. DOES 1 through 100 are affiliates, subsidiaries and related entities and the alter egos of MOM365 INC., corporate or otherwise, who participated in and are liable for the actions herein alleged. Plaintiff will seek to amend this Complaint to allege the true names and capacities of these DOE Defendants when they are ascertained. At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Plaintiff.

5. Defendants proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

6. Defendants, and each of them, now and or at all times mentioned in this Complaint, approved, ratified, acquiesced, aided or abetted the acts and omissions alleged in this Complaint.

///

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a), and 1446. Pursuant to 28 U.S.C. § 1367, Plaintiff also invokes the Court's supplemental jurisdiction over Plaintiff's state law claims. All federal and state law claims alleged herein arise out of a common nucleus of operative facts, and Plaintiff would normally be expected to try such claims in one proceeding.

8. Intradistrict Assignment. Venue is proper pursuant to 28 U.S.C. §§ 84(b), 1391(b), and 1446 in that the acts giving rise to Plaintiff's claims occurred within Sacramento County. For this same reason, and pursuant to Local Rule 120(d), the action shall be commenced at the United States District Court sitting in Sacramento, California.

9. Plaintiff has sought and received permission pursuant to Labor Code section 2699 *et seq.* to pursue the claims set forth in the PAGA cause of action against Defendants as Private Attorneys Generals on behalf of herself and other similarly situated employees. Plaintiff provided Defendants and the Labor and Workforce Development Agency ("LWDA") notice pursuant to Labor Code section 2699.3 of the facts and theories supporting the alleged PAGA claims as outlined in the PAGA cause of action below. More than the statutorily allowed sixty-five days for the LWDA to respond to Plaintiff's notice has transpired. Thus, Plaintiff has become authorized to pursue the PAGA claims in this civil action.

10. For all causes of action falling within the Fair Employment and Housing Act, Government Code section 12900 *et seq.* ("FEHA"), Plaintiff has exhausted her administrative remedies by filing a claim with the Department of Fair Employment and Housing against Defendants concerning all claims asserted against Defendants herein. Plaintiff received notice of her right to sue Defendants from the Department and is filing this lawsuit within one (1) year of receiving her right to sue notice.

11. Plaintiff alleges that Defendants continually subjected Plaintiff to a pattern of continuous, unwanted discrimination based on a disability.

**CLASS ALLEGATIONS**

12. Plaintiff brings the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rules of Civil

Procedure 23. The class and/or subclasses that Plaintiff seeks to represent is composed of and defined as follows:

> (1) All of Defendants' California employees, who were paid under Defendants commission, piece rate, and/or incentive based compensation system, including, but not limited to, employees working under the photographer job title, from May 19, 2013 to the date this matter is certified as a class action;
>
> (2) All of Defendants' California employees, who were paid under Defendants commission, piece rate, and/or incentive based compensation system and who also received wage statements, including, but not limited to, employees working under the photographer job title, from May 19, 2016 to the date this matter is certified as a class action;
>
> (3) All of Defendants' California employees, who were subject to Defendants' PTO policy, from July 1, 2014 to the date this matter is certified as a class action;

13. This action has been brought and may be properly maintained as a class action, pursuant to the provision of Federal Rules of Civil Procedure 23, because there is a well-defined community of interests in the litigation and the proposed class is easily ascertainable.

> (a) <u>Numerosity</u>: The Plaintiff Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is unknown to the Plaintiff at this time, Plaintiff is informed and believes that Defendants have employed more than 50 individuals falling within the above stated class and/or subclass definitions. As such, joinder of all members of the class is not practicable.
>
> (b) <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions that affect only individual members of the class. These common questions of law and/or fact include, without limitation, the following:
>
> > (1) Whether Defendants had a policy and/or practice of paying putative class members on a commission only basis or a commission in conjunction with a piece rate and/or incentive based compensation system;

  (2) Whether Defendants had a policy and/or practice of failing to separately compensate putative class members for rest periods, sick leave, vacation, non-productive time, or PTO;

  (3) Whether Defendants had a policy and/or practice in place to provide legally compliant rest periods to Plaintiffs;

  (4) Whether Defendants had a policy and/or practice in place to compensate Plaintiffs for rest periods;

  (5) Whether Defendants issued paystubs that did not comply with California Labor Code section 226;

  (6) Whether Defendants paid all wages, due and owing, to putative class members at the time of their termination or separation from employment; and

  (7) Whether Defendants had a sick leave and/or PTO policy that complied with the requirement of the Healthy Workplace Healthy Family Act of 2014.

 (c) <u>Typicality</u>: Plaintiff's claims are typical of the claims of Plaintiffs. She also sustained damages arising out of Defendants' common course of conduct in violation of the law as complained of herein. As a result, each putative class member will have the same basis for unpaid wage claims as does Plaintiff.

 (d) <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the members of the putative class. For all relevant times, Plaintiff resided in California, worked for Defendants in California, and is an adequate representative of the putative class as she has no interests that are adverse to those of absent class members. Additionally, Plaintiff has retained counsel who has substantial experience in complex civil litigation and wage and hour matters.

 (e) <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual

actions would engender. Further, as damages suffered by each individual member of the class may be relatively small, the expenses and burden of the individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, and an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

14. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## GENERAL FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff worked for Defendants as a photographer from approximately February 2011 to August 22, 2016. Plaintiffs took photos of newborn infants at various hospitals for Defendants as part of the service Defendants offered to their clients. Plaintiff primarily worked at Kaiser Roseville, although she also occasionally worked at a Sutter hospital location in Roseville throughout her employment.

17. Plaintiff's typical schedule was to work three days a week, two days during the week and one day during the weekend, Tuesday, Friday, and Sunday.

18. Plaintiff and similarly situated employees were paid by an incentive based compensation system that included commissions and piece rate depending on the value of the services offered and number of products sold. This caused Plaintiff and similarly situated employees to have varying effective hourly rates from pay period to pay period. The paystubs Defendants issued Plaintiff and similarly situated employees did not state (1) the number of piece-rate units earned and any applicable piece rate, or (2) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and similarly situated employees.

///

19. Under the incentive based compensation system, Plaintiff and similarly situated employees were not directly compensated for non-productive time (*i.e.* required tasks that did not allow additional commissions to be earned) such as administrative paperwork, discussions with hospital administrations, discussion with supervisors and managers regarding work conditions and performance, or rest periods. Plaintiff and similarly situated employees were also not separately compensated for rest periods. Thus rest periods were unpaid. Furthermore, Defendants' rest period policy only authorized rest periods for every four hours of work. It did not also authorize rest periods for every four hours of work or major fraction thereof. Thus Plaintiff and similarly situated employees were not provided legally compliant rest periods and not paid rest period premiums in lieu thereof. These rest period premiums were not itemized on Plaintiff's and similarly situated employees' paystubs.

20. Plaintiff and similarly situated employees also accrued Paid Time Off ("PTO") benefits as part of there employment. However, Defendants' PTO policies did not comply with California law. Plaintiff's and similarly situated employees' regular rate of pay would vary pay period to pay period, but Defendants would not pay Plaintiff and similarly situated employees' PTO hours based on their actual regular rate of pay during the pay period in which they took PTO. Instead, Defendants would pay Plaintiff at a lesser, assigned PTO hourly rate. This was also done during Plaintiff's and similarly situated employees' final pay period. Instead of paying Plaintiff or similarly situated employees at their final regular rate of pay, Defendants paid Plaintiff and similarly situated employees their accrued PTO hours at the lesser, assigned rate of pay. These PTO wages were not paid at the time of their termination. Instead, they were paid at the next regular payroll cycle.

21. Defendants' did not have a sick leave policy separate from the PTO policy. Defendants' PTO policy did not comply with the Healthy Workplace Healthy Families Act of 2014. Employees were only eligible to accrue PTO if they worked 20 hours a week. If employees worked 20 hours per week, then PTO would only accrue if employees worked between 43-87 hours in a pay period. Defendants also prohibited the use of PTO for any purpose until employees worked for the company for at least 6 months. Between an employees start date and their one-year anniversary, employees who were able to accrue PTO (*i.e.* worked at least 20 hours per week and between 43 and

87 hours per pay period) only accrued PTO at a rate of 0.58 hours for every 30 hours worked. Defendants also required employees to use PTO in full day increments. For employees reinstated after separation, their PTO balance would not be reinstated and would have to begin accrual from zero. Finally, PTO was not paid at employees' regular rate, it was paid at a lesser, assigned hourly rate.

22. In or around August 18, 2016, Plaintiff needed and requested family medical leave. The leave was for the treatment and care of Plaintiff's mother, who was being diagnosed at the time for a rare brain disease. Plaintiff informed Defendants, through her District Managers, that she needed time off for these purposes.

23. Defendants did not engage Plaintiff in a good faith interactive process to discuss any potential accommodation for Plaintiff's family medical leave. Instead, on August 22, 2017, Defendants engaged in a single phone call with Plaintiff wherein they denied her request for leave. Plaintiff attempted to work with Defendants and offered to still work one day a week if a complete leave was not available. Again, Defendants denied this request, stating that Plaintiff's only option was to work her shift. Plaintiff continued to request the leave, or at least the modified schedule, to which her District Manager replied that Plaintiff needed to "turn in her badge." Plaintiff was terminated. Defendants did not want to deal with the inconvenience of Plaintiff's leave for the care and treatment of her mother's disability.

24. At the time, Plaintiff had accrued PTO that could have been used to facilitate this medical leave. Additionally, Defendants had adequate coverage to allow Plaintiff to take this leave without any undue hardship on their business. Defendants had approximately 20-30 employees in the Sacramento area that could have been reassigned, either singly or in combination, to cover Plaintiff's shifts. Additionally, Defendants had an employee who was dedicated to being a "floater" who traveled between hospital locations to give coverage. Plaintiff also could have continued working one day a week to make the required coverage less burdensome.

///
///
///
///

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (As to all Defendants)

25. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 24 as though fully set forth herein.

26. According to Labor Code section 226(a), an employer must provide an itemized statement to an employee, semi-monthly or at the time of each payment of wages, showing:

> *(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.*

27. Plaintiff alleges that Defendants intentionally and knowingly failed to provide an itemized statement or failed to provide an accurate and complete itemized statement showing the requirements set forth in Labor Code section 226(a) to her and similarly situated employees.

28. Additionally, Plaintiff alleges she and similarly situated employees suffered injury as a result of Defendants' failure to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of Labor Code section 226, subdivision (a), and Plaintiff and similarly situated employees could not promptly and easily determine (*i.e.* a reasonable person in each Plaintiff's position would not be able to readily ascertain the information without reference to other documents or information) from the wage statement alone, one or more of the following:

    (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of section 226, subdivision (a); or

    (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period; or

    (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Labor Code section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

    (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

29. As a proximate cause of Defendants' failure to provide accurate statements, Plaintiff was damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 227.3
## (As to all Defendants)

30. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29 as though fully set forth herein.

31. Labor Code section 227.3 provides that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served."

32. At the time of termination, Defendants failed to pay Plaintiff and similarly situated employees their accrued PTO at their actual final rate of pay.

33. As a proximate cause of Defendants' conduct, Plaintiff and similarly situated employees were damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

///

**THIRD CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**(As to all Defendants)**

34. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 33 as though fully set forth herein.

35. An employer must pay an employee who is terminated all unpaid wages immediately upon termination. Labor Code § 201.

36. An employer must pay an employee who resigns all unpaid wages within seventy-two (72) hours of resignation. Labor Code § 202.

37. Plaintiff and similarly situated employees were not paid wages for accrued unpaid PTO at their final rate of pay at the time of thier termination. Additionally, they were not paid the rest period premiums or minimum wages for the non-productive time due and owing to them at the time of their termination. Plaintiff and similarly situated employees were also not paid the PTO they should have been paid had the accrual rates for the PTO system been in compliance with the Healthy Workplace Healthy Families Act of 2014.

38. An employer who willfully fails to pay an employee wages in accordance with Labor Code sections 201 and/or 202 must pay the employee a waiting time penalty of up to thirty (30) days. Labor Code § 203.

39. Defendants knew of their obligation to pay Plaintiff and similarly situated employees these wages as the requirements are plainly set forth in the applicable statutes and case law. Thus, Defendants' failure to pay for all hours worked was in complete disregard of their obligations and was a willful refusal.

40. As a proximate result of Defendants' conduct, Plaintiff has been damaged and deprived of her wages and thereby seeks her daily rate of pay multiplied by thirty (30) days for Defendants' failure to pay all wages due.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGES**
**(As to all Defendants)**

41. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendants were required to compensate Plaintiff and similarly situated employees with at least the State's minimum wage at the time of $8.00 per hour for all time worked until June 30, 2014; $9.00 per hour for all time worked from July 1, 2014, until December 31, 2015; $10.00 per hour for all time worked from January 1, 2016, until December 31, 2016; and $10.50 per hour for all time worked from January 1, 2017, onward. *See, e.g.*, MW Order-2017; Labor Code § 1194. Plaintiff is informed and believes Defendants employed twenty-six (26) employees or more at all times operative in this Complaint.

43. Plaintiff and similarly situated were not compensated for all hours worked while in the employ of Defendants. For example, Defendants did not compensate Plaintiff and similarly situated employees for non-productive time.

44. Plaintiff and similarly situated employees were not exempt to the State's Wage Orders as employees. Defendants were aware of their obligation to pay the minimum wages and overtime but failed to do so.

45. As a proximate result of Defendants' conduct, Plaintiff and similarly situated employees have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### (As to all Defendants)

46. Plaintiff herein incorporates by reference paragraphs 1 through 45 above as though fully set forth herein.

47. An employer must provide an employee a paid rest period in accordance with the applicable Wage Order and Labor Code section 226.7.

48. Labor Code section 226.7 and Wage Order No. 5-2001, section 12(A) require an employer to provide a rest period of not less than ten (10) minutes for each work period of more than four (4) hours or a major fraction thereof.

49. Plaintiff alleges that Defendants failed to provide paid rest periods as it paid Plaintiff and similarly situated employees on commission, piece rate, and/or incentive compensation basis without separately compensating for rest periods. Thus, the rest periods were never paid.

50. As a proximate cause of Defendants' failure to "authorize and permit" rest periods, Plaintiff and similarly situated employees are entitled to one (1) hour of pay at the employee's regular rate of compensation for each rest period not provided, as a <u>wage</u>, from three (3) years of the filing of this action.  Cal. Lab. Code § 226.7 and IWC Wage Order No. 5-2001, § 12(B).

### SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION
**(As to all Defendants)**

51. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 50 as though fully set forth herein.

52. Unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. *See* California Business and Professions ("B&P") Code § 17200.

53. Plaintiff and similarly situated employees were not paid all wages owed, provided paid rest periods or paid rest period premiums in lieu thereof, and not provided paid sick leave in accordance with the Healthy Families, Healthy Workplace Act of 2014.

54. Plaintiff is also informed and believe and thereon allege that such actions and/or conduct constitute a violation of the California Unfair Competition Law ("UCL") (Business and Professions Code 17200 *et seq.*) pursuant to *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163 (2000).

55. As a direct and legal result of the Defendants' conduct, as alleged herein, pursuant to the UCL (including B&P Code §17203), Plaintiff and similarly situated employees entitled to restitution as a result of the Defendants' unfair business practices, including, but not limited to, unpaid wages and interest pursuant to B&P §§ 17203, 17208 in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT
**(As to all Defendants)**

56. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 55 as though fully set forth herein.

///

///

57. Plaintiff has alleged to the Labor Commissioner that Defendants have violated the following provisions of the Labor Code in their dealings with Plaintiff and other similarly situated current and former employees:

- Count One – Violation of Labor Code §§ 226, 226.3 (Failure to Provide Itemized Statements);
- Count Two – Violation of Labor Code §§ 246, 246.5, 248.5 (Failure to Provide Paid Sick Leave);
- Count Three – Violation of Labor Code § 227.3 (Failure to Pay Vacation Wages);
- Count Four – Violation of Labor Code §§ 201-203, 256 (Waiting Time Penalties).

58. Plaintiff seeks civil penalties against Defendants as provided in the Labor Code, or, if no civil penalty is provided, default penalties pursuant to Labor Code section 2699(f)(2).

59. Plaintiff seeks these civil penalties from Defendants pursuant to Labor Code sections 2699(a) and 2699.3.

### EIGHTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA
### (As to all Defendants)

60. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 59 as though fully set forth herein.

61. Defendants are "employers" in the State of California, as defined in the Fair Employment and Housing Act ("FEHA"). Gov't Code § 12940, *et seq.*

*62.* It is an unlawful employment practice to discriminate against an employee based on a disability under the FEHA. *See* Gov't Code §§ 12940(a), (c). The FEHA defines a "disability" to include being associated with any person who has or is perceived to have a disability. Gov't Code §§ 12926(j)(o); *see also Rope v. Auto-Chlor System of Wash., Inc.*, 220 Cal.App.4th 635 (2013); *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal.App.5th 1028, 1036-1037 (2016)

63. Based on Plaintiff's association with her mother and her mother's disability, Defendants, through their agents and employees, engaged in a pattern and practice of unlawful disability discrimination in violation of the FEHA in connection with the terms and conditions of Plaintiff's employment. Defendants' terminated Plaintiff for her request and need for medical leave in order to

1 care for her mother.

2  64. As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Defendants, Plaintiff suffered damages legally caused by the Defendants' acts as stated in the section below entitled "DAMAGES," which is incorporated herein to the extent pertinent as if set forth here in full.

 65. Defendants' acts, as alleged herein, are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of their actions.

### NINTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE AND ENGAGE IN THE INTERACTIVE PROCESS
### (As to all Defendants)

 66. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 65 as though fully set forth herein.

 67. Defendants, at all times material herein, were an employer subject to the requirements of the FEHA, and had a duty to reasonably accommodate qualified individuals with disabilities.

 68. Plaintiff required a reasonable accommodation in the form of medical leave and/or modified work schedule, which Defendants could have performed without undue hardship to its business.

 69. As laid out above, Defendants failed to accommodate Plaintiff or even engage in any sort of good faith interactive process to determine what accommodations Plaintiff needed.

 70. Plaintiff suffered damages that were the direct and proximate result of Defendants' failure to reasonably accommodate Plaintiff's disability and engage in the interactive process as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

 71. Defendants' aforementioned acts in failing to reasonably accommodate Plaintiff's disability and timely engage in the interactive process were wanton, willful, intentional, and malicious and showed a reckless disregard for the rights and sensibilities of Plaintiff. As such, punitive damages are warranted against Defendants in order to punish and make an example of their actions.

///

# TENTH CAUSE OF ACTION
# FAILURE TO PREVENT DISCRIMINATION
### (As to all Defendants)

72. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 71 as though fully set forth herein.

73. Defendants were obligated pursuant to FEHA to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." *See* Cal. Gov't Code 12940(k).

74. Defendants knew that their discriminatory acts were causing Plaintiff harm and emotional distress but did not take any steps to prevent it. Defendants' management actively participated in the discrimination, firing Plaintiff due to her association with a person with a disability.

75. Defendants, by and through their agents, acquiesced and ratified this discriminatory practice. No employee, managing agent, director, or owner employed by Defendants took any measure to immediately and appropriately and effectively correct the discriminatory practice or take other reasonable steps to prevent the discrimination from occurring.

76. Defendants' acts of failing to take the reasonable steps of preventing discrimination and harassment from occurring were done maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

77. Plaintiff suffered damages proximately caused by Defendants, and each of their agent's act, as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

# ELEVENTH CAUSE OF ACTION
# RETALIATION IN VIOLATION OF FEHA
### (As to all Defendants)

78. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff is informed, believes, and thereon alleges that, Defendants retaliated against her by terminating her, because she requested an accommodation and opposed Defendants' refusal to allow the accommodation.

80. Plaintiff is informed, believes, and thereon alleges that this retaliatory conduct violated Government Code Section 12940(h).

81. As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered mistreatment, mental distress, anguish, and indignation. Plaintiff suffered damages legally caused by the Defendants' acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

82. Defendants' acts, including retaliation alleged herein, are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of their actions.

## TWELFTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE 233
### (As to all Defendants)

83. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 82 as though fully set forth herein.

84. Labor Code section 233 provides that employers shall permit an employee to use the equivalent of the amount of leave that could be accrued in a six month period for purposes of medical leave for themselves or certain family members, including parents.

85. Labor Code section 234 provides "An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233."

86. Defendants terminated Plaintiff for requesting medical leave to care for her mother. Defendants did not allow any leave for this purpose, let alone the equivalent of what could be accrued in a six month period. Defendant's policy and practice to terminate Plaintiff for the requested leave is a per se violation of Labor Code section 233.

87. As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered mistreatment, mental distress, anguish, and indignation. Plaintiff suffered damages legally caused by the Defendants' acts as stated in the

section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

88. Defendants' acts, including retaliation alleged herein, are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of their actions.

## THIRTEENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (As to all Defendants)

89. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 88 as though fully set forth herein.

90. An employee may bring a tortious wrongful discharge claim against an employer subject to the FEHA based upon the policy prohibiting violations of the FEHA. *See Stevenson v. Sup. Ct. (Huntington Mem. Hosp.)*, 16 Cal.4th 880 (1997).

91. As stated above, Plaintiff was terminated in violation of the FEHA and, therefore, public policy.

92. Defendants' acts of discharge herein were malicious, fraudulent, and oppressive, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

93. Plaintiff suffered damages proximately caused by these Defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## DAMAGES

WHEREFORE Plaintiff requests relief as follows:

1. Plaintiff requests a jury trial;
2. As to the First Cause of Action:
   a. Actual damages as proven at trial;
   b. Fifty dollars ($50) for the initial violation and one hundred dollars ($100) for subsequent violations not to exceed $4,000;
   c. Reasonable attorney's fees and costs;

3. <u>As to the Second Cause of Action:</u>
   a. For all unpaid PTO and/or vacation wages due and owing;
   b. For attorneys' fees, costs, and interest pursuant to Labor Code §§ 218.5 and 218.6;
4. <u>As to the Fourth Cause of Action:</u>
   a. All wages earned and owing;
   b. Interest for the wages due pursuant to Labor Code section 1194;
   c. Liquidated damages pursuant to Labor Code 1194.2;
   d. Attorney's fees and costs pursuant to Labor Code section 1194;
5. <u>As to the Fifth Cause of Action:</u>
   a. Wages as proven at trial;
6. <u>As to the Seventh Cause of Action:</u>
   a. For civil penalties as provided for in the Labor Code for each enumerated violation;
   b. For those Labor Code sections the violation of which there is no civil penalty provided, the default penalty provided in Labor Code section 2699(f): for any initial violation, one hundred dollars ($100) for each aggrieved employee per pay period; For any subsequent violation, two hundred dollars ($200) for each aggrieved employee per pay period;
   c. Reasonable attorney's fees and costs pursuant to the Labor Code section 2699;
   d. For total penalties in the amount to be ascertained at trial;
7. <u>As to the Eighth, Ninth, Tenth, and Eleventh Causes of Action:</u>
   a. For compensatory damages, including lost wages, earnings, retirement benefits and other employee benefits, together with interest on these amounts, according to proof;
   b. For a money judgment for mental pain and anguish and emotional distress according to proof at trial;
   c. For an award of punitive damages, according to proof;

        d.    For reasonable attorneys' fees and costs pursuant to Government Code sections 12970 and 12965(b);

8. <u>As to the Twelfth and and Thirteenth Causes of Action:</u>

        a.    For compensatory damages, including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money together with interest on these amounts, according to proof;

        b.    For a money judgment for mental pain and anguish and emotional distress according to proof;

        c.    For an award of punitive damages, according to proof;

9. For such other and further relief as this Court may deem just and proper, including, but not limited to:

        a.    Special and general damages;

        b.    Attorney's fees and costs; and

        c.    Interest.

Dated: September 1, 2017                            **Shimoda Law Corp.**

By:   /s/ Justin P. Rodriguez
       Galen T. Shimoda
       Justin P. Rodriguez
       Attorneys for Plaintiff KELLY HOOVER