# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY HOOVER, | **Case No. 2:17-cv-01328-TLN-CKD** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| MOM365, INC., a Missouri Corporation; and DOES 1 to 100, inclusive, | |
| Defendants. | Date: August 9, 2018<br>Time: 2:00 p.m.<br>Crtm: 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |
| | Filed: May 19, 2017<br>FAC Filed: September 1, 2017<br>Trial Date: None Set |

Presently before the Court is named Plaintiff Kelly Hoover's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement ("Motion"). (ECF No. 21.) Plaintiff filed the present putative class action on May 19, 2017. (ECF No. 1, Ex. A.) By way of the First Amended Complaint against Defendant Mom365, Inc. ("Defendant"), Plaintiff alleges class and Private Attorneys General Act ("PAGA") claims for failure to provide legally compliant rest periods; failure to pay wages for all hours worked, including minimum and overtime wages; failure to provide Paid Time Off benefits in violation of California Labor Code section 227.3; failure to provide Paid Time Off benefits that complied with the California Healthy Workplace Healthy Families Act of 2014 (Cal. Lab. Code sections 245, *et seq.*); failure to pay all wages due or owed at termination; and failure to provide legally compliant wage statements. (ECF No. 7.) Plaintiff also alleges unfair competition claims based on these allegations. (*Id.*) Plaintiff properly alleges that she has exhausted administrative remedies on the PAGA claims as detailed in the Motion. Defendant denies all of Plaintiff's claims and denies that this case is appropriate for class treatment.

As described in further detail below, the parties have agreed to a PAGA and class settlement. Defendant will provide monetary consideration in exchange for a judgment consistent with the terms of the proposed settlement as set forth in the Joint Stipulation Regarding Class Action Settlement and Release ("Settlement Agreement," ECF No. 21-3, Ex. A). The Court has received and considered Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the declarations in support, the Settlement Agreement itself, the proposed Class Notice, the proposed Distribution Form, and other evidence. For the reasons set forth below, the Motion is GRANTED.

**1. SETTLEMENT CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

In order for the Court to properly certify a class, a plaintiff must meet all of the prerequisites of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) requires the following:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These factors are known as "numerosity," "commonality," "typicality," and "adequacy," respectively. Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b). Where the parties have entered into a settlement agreement before class certification, district courts "must pay 'undiluted, even heightened, attention' to class certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (*quoting Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

The Court preliminarily and conditionally approves the following class for settlement purposes only, subject to a final fairness hearing and certification of the settlement class, under the Federal Rules of Civil Procedure and related case law:

> All of Defendant's California employees who were paid under Defendant's commission, piece rate, and/or incentive based compensation system, including but not limited to, employees working under the photographer job title from May 17, 2013, to the Preliminary Approval Date.[1]

For purposes of preliminary approval, the Court finds that the settlement class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The approximately 1,061 individuals who purportedly fall within the class are sufficiently numerous and would make joinder impracticable. The commonality and predominance requirements are met since there are questions of law and fact common to the class and that predominate over individualized issues, which include the following alleged policies and practices: the failure of Defendant's commission, piece rate, and/or incentive based compensation system to pay for all hours worked, the failure to provide paid rest periods, the failure to provide rest periods for every four hours worked or major fraction thereof, the failure to provide a legally compliant PTO policy, and the failure to provide legally compliant wage statements. Additionally, settlement class members seek the same remedies under state law. The typicality requirement for settlement purposes is also satisfied since the claims of Plaintiff—the named

---

[1] The Court notes that the "Preliminary Approval Date" is a defined term. For further clarification, the date of entry of this Order shall be the date of electronic filing thereof.

class representative in this case—arise from the same factual bases and are based on the same legal theory as those applicable to the purported class members.

Furthermore, the Court finds that a class action is superior to other forms of adjudication. Indeed, a class action avoids the inefficiency of each class member litigating similar claims individually. And this settlement will achieve economies of scale for class members with relatively small individual claims and conserve the resources of the judicial system.

The Court also finds that Plaintiff Kelly Hoover and her counsel, Galen T. Shimoda and Justin P. Rodriguez of the Shimoda Law Corp., are adequate representatives of the settlement class. Plaintiff provides that neither Plaintiff nor Class Counsel have conflicts with the class members, and it appears to the Court that Plaintiff and counsel have prosecuted the action vigorously up to this point, and nothing indicates they will not continue to do so. The Court therefore preliminarily approves them as class representative and class counsel, respectively.

### 2. PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

FRCP 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court . . . ." Fed.R.Civ.P. 23(e) (2003). The purpose of preliminary evaluation of proposed class action settlements is to determine whether the terms of the settlement are within a range of possible judicial approval. *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 448 (E.D. Cal. 2013) (citing Newberg on Class Actions (4th ed. 2002) § 11.26). In reviewing the proposed settlement, the Court does not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute . . . ." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir.1992). Instead, the Court weighs several factors, including:: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; and (6) the experience and views of counsel. *Id.*; *see also Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 301 (E.D.Cal.2011).

"Given that some of these 'fairness' factors cannot be fully assessed until the Court conducts the final approval hearing, 'a full fairness analysis is unnecessary at this stage.'" *Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 324 (N.D. Cal. 2013) (*quoting Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal.

2008)). Preliminary approval of a settlement and notice to the proposed class is appropriate if: "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] [it] has no obvious deficiencies, [3] [it] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] [it] falls with[in] the range of possible approval...." *Collins*, 274 F.R.D. at 301–02 (*quoting In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).

The Court has reviewed the Settlement Agreement, filed with Plaintiff's Motion as Exhibit A to the Declaration of Justin P. Rodriguez (ECF No. 21-1). To briefly summarize, the Agreement provides that Defendant will pay a total of $400,000.00, in addition to any monies necessary to satisfy Defendant's tax obligations, in exchange for the release of the claims described in the Agreement. Costs of administering the settlement shall be paid from the settlement proceeds; $10,000.00 of the settlement proceeds will be allocated to PAGA claims ($2,500.00 to the settlement class; $7,500.00 to the LWDA); up to 25% will be paid to Plaintiff's attorneys, and up to $12,000.00 will cover litigation costs. Class members who fail to timely opt out will waive any and all claims that are pled in the Action or could have been pled. Any amount from settlement checks not cashed within one-hundred-eighty (180) days of issuance will be paid out pursuant to California Code of Civil Procedure § 384(b) as follows: (1) 25% to the State Treasury for deposit in the Trial Court Improvement and Modernization Fund; (2) 25% to the State Treasury for deposit into the Equal Access Fund of the Judicial Branch; and (3) 50% to the Sacramento Voluntary Legal Services Program of Northern California Employment Law Clinic as *cy pres* beneficiaries. No portion of the Gross Settlement Amount or Net Settlement Amount will revert to Defendant for any reason.

The Court finds on a preliminary basis that the Settlement Agreement appears to be fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). Plaintiff asserts—and Defendants do not oppose—that the parties engaged in substantial investigations and both formal and informal discovery. The Settlement Agreement terms were reached after much negotiation and mediation before a neutral mediator. Class counsel has thoroughly weighed the strengths and weakness of the case, and has assessed the risks of continued litigation. There is no evidence of collusion between the parties and the Settlement Agreement appears to have been entered into only after substantial investigation that enabled

the parties to make a reasoned and informed decision regarding settlement. The Settlement Agreement does not give any improper preferential treatment to Plaintiff, their counsel, or a particular segment of the settlement class. Additionally, it appears Class Counsel is experienced in this area of law, which further weighs in favor of preliminary approval. The Court also acknowledges that class members may object to the settlement at a fairness hearing, or may opt-out of being bound by the preliminarily approved class settlement.

Because the Court finds the parties' settlement to have been agreed upon only after extensive and costly investigation, arms-length negotiations in mediation, and in an attempt to avoid further delays and costs, the Court preliminarily approves the proposed settlement, which is incorporated by reference in its entirety, as if stated here in full.

The Court orders and approves Simpluris, Inc., to act as the Claims Administrator in this case. Appropriate costs for Simpluris, Inc.'s services shall be decided at a final fairness hearing. Those costs are presently estimated to be approximately $14,499.00, and in no event will they exceed $30,000.000. Per the Settlement Agreement, costs are to be paid from the settlement proceeds. Any difference between the actual costs and the $30,000.00 noticed to purported class members will be redistributed to the class pro rata.

The releases and waivers for class members who do not exclude themselves from the Settlement Agreement and the releases and waivers by class representatives are also approved by the Court as stated in the Settlement Agreement.

Plaintiff shall file a motion for attorneys' fees, costs, and Claims Administrator costs no later than fourteen (14) days before the end of the notice period, which shall be heard on the same day as the final fairness hearing. Per the Agreement, in no event shall the attorney's fees exceed 25% of the total gross settlement amount, and costs shall not exceed $12,000.00. Any monies not so awarded will be distributed to the settlement class on a pro rata basis.

### 3. APPROVAL OF DISTRIBUTION TO THE CLASS, THE NOTICE OF SETTLEMENT, OPPORTUNITY TO OPT OUT OF, AND OBJECT TO, THE SETTLEMENT, AND DISBURSEMENT FORM

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. For classes certified under FRCP 23(b)(3), the Court must direct to class members

"the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2)(B). Pursuant to FRCP 23(c)(2)(B), the notice must clearly and concisely state as follows:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court finds that the proposed Class Notice and proposed Disbursement Form, which were filed as Exhibit A to the Declaration of Justin P. Rodriguez in support of Plaintiff's Motion (ECF No. 21-3), includes the elements required under Rule 23(c)(2)(B). The proposed Class Notice and proposed Disbursement Form fairly and adequately advise the potential class members of the terms of the proposed settlement, the rights being waived, their right to opt out and how to opt out of the class, the ability to dispute the number of Qualifying Workweeks worked during the class period and how to do so, their pro rata share of the settlement, how to participate in the settlement, how to file documentation in opposition to the proposed settlement, and when to appear at the fairness hearing to be conducted on the date set forth below.[2]

The Court further finds that Class Notice and proposed distribution of such notice by first class mail to each identified class member at their most recent address based on a National Change of Address database search from the class members' last known address and a skip trace on any class members who have the class notice returned as "undeliverable" or "not at this address" comports with all constitutional requirements, including those of due process.

The Court also finds that because there is a strong interest in providing class members the opportunity to participate in the class settlement, along with the parties' efforts to minimize any intrusion to privacy rights, the sharing of employment information, including social security numbers, is not a serious intrusion on their privacy rights. Hence, the Court orders Defendant to provide social

---

[2] The Court notes that the proposed Class Notice has a typo on the final page. This Court holds hearings in Courtroom 2 (not "Courtroom G" as stated on the notice) of the 15th Floor of the Courthouse.

security number information, last known contact information, and any other readily available information to the Claims Administrator only, and not to Plaintiff or her counsel, in order to process this settlement as contemplated within the Settlement Agreement and approved by this Order. The Claims Administrator shall <u>only</u> use this information for settlement purposes identified herein, and this information shall be kept confidential and not be shared with any third-party.

### 4. IMPLEMENTATION SCHEDULE

Accordingly, with good cause shown, the Court hereby approves and orders the following implementation schedule:

| | |
|---|---|
| Last day for Defendant to provide Claims Administrator with Class Member information | Within 14 calendar days of the date of electronic filing of the Preliminary Approval |
| Last day for Claims Administrator to complete NCOA search, update Class Member mailing information, and mail Notice Packets | Within 14 calendar days after the Claims Administrators' receipt of Class Members' information from Defendants |
| Last day for Class Members to opt-out, submit disputes, submit objections, and submit data requests | 90 calendar days after mailing of Notice Packet |
| Last day for Class Members to opt-out, submit disputes, submit objections, and submit data requests for Notice Packets re-mailed on or after the conclusion of the Notice Period | 15 calendar days after the conclusion of the Notice Period |
| Last day for Claims Administrator to provide Parties with list of all Class Members who have timely requested to opt-out | 21 calendar days after conclusion of the Notice Period |
| Last day for Claims Administrator to provide Parties with signed declaration reporting on settlement administration | 21 calendar days after conclusion of the Notice Period |
| Last day for Claims Administrator to calculate and report to Parties the amounts owed to fund settlement, employer tax payments, Net Settlement Amount, and Claim Amounts for Qualified Claimants | 7 calendar days after Final Approval Date |

| Last day for Defendant to fund settlement payments | 14 calendar days after Claims Administrators report to Parties the amounts owed to fund settlement, Net Settlement Amount, and Claim Amounts for Qualified Claimants |
|---|---|
| Last day for Claims Administrator to deliver payment of Class Counsel's attorneys' fees and costs, Enhancement Payments, PAGA Payment, Settlement Administration Costs, and payment to Qualified Claimants | 7 calendar days after receipt of funds from Defendants |
| Last day for Qualified Members to cash settlement checks | 180 days after issuance of checks Qualified Members |
| Last day for Claims Administrator to deliver value of uncashed settlement checks to *cy pres* beneficiary | 14 days after settlement check cashing deadline |

## FINAL APPROVAL AND HEARING

For the reasons set forth above, the Court GRANTS Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 21). The Court hereby sets a hearing for final approval of the Settlement Agreement and certification of the settlement class on **November 14, 2019**, at 2:00 p.m., with briefs and supporting documentation to be filed no later than **October 17, 2019**. Class members who object in a timely manner, and in the manner set forth in the Class Notice, may appear and present such objections at the fairness hearing in person or by counsel.

If for any reason the Court does not grant final approval of the Settlement Agreement, all evidence and proceedings held in connection therewith shall be without prejudice to the status quo and rights of the parties to the litigation. The parties will revert to their respective positions as if no settlement had been reached at all.

IT IS SO ORDERED.
Dated: May 10, 2019

Troy L. Nunley
United States District Judge