# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY HOOVER, | Case No. 2:17-cv-01328-TLN-CKD |
| Plaintiff, | **CLASS ACTION** |
| vs. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEY'S FEES, COSTS, AND SETTLEMENT ADMINISTRATOR COSTS** |
| MOM365, INC., a Missouri Corporation; and DOES 1 to 100, inclusive, | |
| Defendants. | |
| | Date: November 14, 2019 |
| | Time: 2:00 p.m. |
| | Crtm: 2, 15th Floor |
| | Judge: Hon. Troy L. Nunley |
| | Filed: May 19, 2017 |
| | FAC Filed: September 1, 2017 |
| | Trial Date: None Set |

Plaintiff's unopposed Motion for Final Approval of Class Action Settlement (ECF No. 27) and unopposed Motion for Attorney's Fees, Costs, and Settlement Administrator Costs (ECF No. 26) in the above referenced case came before this Court, on November 14, 2019, in Courtroom 2 on the 15th floor before the Honorable Troy L. Nunley, presiding. At the hearing, the Court GRANTED the Motion for Final Approval, thereby (1) approving and certifying the class for purposes of settlement; (2) approving and appointing Kelly Hoover (hereinafter "Plaintiff") as class representative; (3) approving and appointing Shimoda Law Corp. as class counsel; (4) approving the proposed class and Private Attorneys General Act ("PAGA") settlement; (5) approving Simpluris, Inc. as class action settlement administrator; (6) approving the notification procedures and the form and content of the Class Notice; (7) approving the means of paying out any residue from checks not timely cashed by class members; and (8) approving and adopting the proposed implementation schedule. The Court additionally GRANTED to Motion for Attorney's Fees and Costs, thereby awarding requested attorney's fees and litigation costs to class counsel, and awarding settlement administrator costs to the class action settlement administrator. The Court indicated that a written order would issue, and that written order now follows.

Plaintiff filed this putative class action on May 19, 2017 in the Superior Court of California, for the County of Sacramento. (*See* ECF No. 1.) Defendant Mom365, Inc. ("Defendant") removed the action to this Court on June 29, 2017. (ECF No. 1.) The First Amended Complaint against Defendant alleges class and PAGA claims for failure to provide legally compliant rest periods; failure to pay wages for all hours worked, including minimum and overtime wages; failure to provide Paid Time Off benefits in violation of California Labor Code section 227.3; failure to provide Paid Time Off benefits that complied with the California Healthy Workplace Healthy Families Act of 2014 (Cal. Lab. Code sections 245, *et seq.*); failure to pay all wages due or owed at termination; and failure to provide legally complaint wage statements. Plaintiff also alleged unfair competition claims based on these allegations. Plaintiff exhausted administrative remedies on the PAGA claims as detailed in the Motion. Defendant denied all of Plaintiff's claims and denied that this case was appropriate for class treatment.

The parties have agreed to a PAGA and class settlement. Defendant will provide monetary consideration in exchange for a judgment consistent with the terms of the proposed settlement as set forth in the Joint Stipulation Regarding Class Action Settlement and Release ("Settlement Agreement").

The Court granted preliminary approval of the settlement on May 10, 2019, therein provisionally certifying the class for settlement purposes. (ECF No. 25, Order electronically filed May 14, 2019.) Court-approved notices have been issued to class members in accordance with the Court's Order. Pursuant to Federal Rule of Civil Procedure 23(e) and California Labor Code § 2699(l), the Court has considered Plaintiff's unopposed Motion for Final Approval of Class Action Settlement, the unopposed Motion for Attorney's Fees, Costs, and Administrator Costs, the declarations filed in support thereof, the Settlement Agreement, the proposed Class Notice, the proposed Distribution Form, and other evidence, and HEREBY FINDS AND ORDERS AS FOLLOWS:

1. CERTIFYING A SETTLEMENT CLASS

The Court finds that certification of the following class for settlement purposes only is appropriate under the Federal Rules of Civil Procedure and related case law:

> All of Defendant's California employees who were paid under Defendant's commission, piece rate, and/or incentive-based compensation system, including but not limited to, employees working under the photographer job title from May 17, 2013 to May 14, 2019.

The Court finds that the settlement class meets the requirements of Rule 23(a) and 23(b)(3). The approximately 1,430 individuals who fall within the class are sufficiently numerous and would make joinder impractical. The commonality and predominance requirements are met since there are questions of law and fact common to the class and that predominate over individualized issues, which include the following alleged policies and practices: the failure of Defendant's commission, piece rate, and/or incentive based compensation system to pay for all hours worked; the failure to provide paid rest periods; the failure to provide rest periods for every four hours worked or major fraction thereof; the failure to provide a legally compliant PTO policy; and the failure to provide legally compliant wage statements. Additionally, settlement class members seek the same remedies under state law. The typicality requirement for settlement purposes is also satisfied since the claims of the named class representative (Plaintiff) in this case arise from the same factual bases and are based on the same legal theory as those applicable to the class members. Furthermore, the Court finds that a class action is superior to other forms of adjudication.

The Court also finds that certification of the settlement class is required to avoid the impracticality of each class member litigating similar claims individually. This settlement will achieve economies of scale for class members with relatively small individual claims and conserve the resources of the judicial system.

The settlement class shall not include Aurora Ruvalcaba Correa, Ynhi Phan, and Faith E. Velasquez, who all submitted timely, valid requests to opt out of the Settlement Agreement. Accordingly, these individuals will not be subject to the waivers within the Settlement Agreement and shall not be entitled to any benefit under the Settlement Agreement.

2. APPOINTMENT OF CLASS REPRESENTATIVE; APPOINTMENT OF CLASS COUNSEL

The Court finds that Plaintiff Kelly Hoover and her Counsel, Galen T. Shimoda and Justin P. Rodriguez of the Shimoda Law Corp., are adequate representatives of the settlement class. The Court approves them as class representative and class counsel, respectively. Neither Plaintiff nor counsel appear to have any conflicts with the class members, and they have vigorously prosecuted this action.

3. APPROVING CLASS ACTION SETTLEMENT AND CLAIMS ADMINISTRATOR

The Court has reviewed the Settlement Agreement, which has been filed with Plaintiff's Motion. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and adequate. The Court makes this finding based on a consideration of the strength of Plaintiffs' claims and Defendant's defenses, as well as the risk, expense, complexity, and duration of further litigation. The Court also finds there is no evidence of collusion between the parties and the Settlement Agreement appears to have been entered into only after arms-length negotiations and substantial investigation that enabled the parties to make a reasoned and informed decision regarding settlement. The Settlement Agreement does not give any improper preferential treatment to Plaintiff, their counsel, or a particular segment of the settlement class. The Court also acknowledges that class members had the opportunity to object to the settlement at the fairness hearing held before this Court, or to opt-out of being bound by the preliminarily approved class settlement. Only three (3) class members opted out of the settlement, representing less than 1% of the settlement class and zero class member submitted objections to the settlement of any kind. This is strong evidence of the reasonableness and fairness of this settlement.

Because the Court finds the parties' settlement to have been agreed upon only after extensive and costly investigation, arms-length negotiations in mediation, and in an attempt to avoid further delays and costs, the Court approves the Settlement Agreement, which is incorporated by reference in its entirety, as if stated here in full.

The Court additionally approves Simpluris, Inc., to act as the Claims Administrator in this case and hereby approves payment of up to $18,004.00 to be paid to Simpluris, Inc., from the Gross Settlement Amount for the costs of administration. Simpluris, Inc., has substantiated its fees and costs and that the fees and costs are reasonable.

The releases and waivers for class members who did not exclude themselves from this Settlement Agreement are also approved by the Court as stated in the Settlement Agreement.

4. APPROVING DISTRIBUTION OF THE NOTICE OF SETTLEMENT; OPPORTUNITY TO OPT OUT OF AND OBJECT TO THE SETTLEMENT; AND DISBURSEMENT FORM SATISFY DUE PROCESS

The Court finds that the Class Notice and Disbursement Form fairly and adequately advised the class members of the terms of the settlement, the rights being waived, their right to opt out of the class, the ability to dispute the number of Qualifying Workweeks worked during the class period, their pro rata share of the settlement, how to participate in the settlement, how to file documentation in opposition to the proposed settlement, and where and when to appear at the fairness hearing. The Court further finds that the Class Notice and distribution of such notice by first class mail to each identified class member at their most recent address based on a National Change of Address database search from the class members' last known address and a skip trace on any class members whose class notice was returned as "undeliverable" or "not at this address" comports with all constitutional requirements, including those of due process. Indeed, the notice process was the best practicable under the circumstances. Plaintiff has also demonstrated that notice to the appropriate state and federal government officials has taken place pursuant to 28 U.S.C. § 1715.

5. APPROVING IMPLEMENTATION SCHEDULE

Accordingly, with good cause shown, the Court hereby approves and orders that the following implementation schedule be adhered to:

| Last day for Claims Administrator to calculate and report to Parties the amounts owed to fund settlement, employer tax payments, Net Settlement Amount, and Claim Amounts for Qualified Claimants | 7 calendar days after Final Approval Date |
| --- | --- |
| Last day for Defendant to fund settlement payments | 14 calendar days after Claims Administrators report to Parties the amounts owed to fund settlement, Net Settlement Amount, and Claim Amounts for Qualified Claimants |
| Last day for Claims Administrator to deliver payment of Class Counsel's attorneys' fees and costs, Enhancement Payments, PAGA Payment, Settlement Administration Costs, and payment to Qualified Claimants | 7 calendar days after receipt of funds from Defendants |
| Last day for Qualified Members to cash settlement checks | 180 days after issuance of checks Qualified Members |
| Last day for Claims Administrator to deliver value of uncashed settlement checks to *cy pres* beneficiary | 14 days after settlement check cashing deadline |

6. APPROVING PAGA PENALTY PAYMENT

Additionally, the Court approves payment of a PAGA Penalty of $10,000 to be deducted from the Settlement Amount, with $7,500 of that amount to be distributed to the California Labor and Workforce Development Agency, and $2,500 to be distributed to Qualified Claimants by adding that sum to the Net Settlement Amount to be distributed on a pro rata basis pursuant to the Agreement.

7. APPROVING DISBURSEMENT OF UNCLAIMED RESIDUE

As provided in the Agreement, the Court approves the following means of disbursing any unclaimed residue: for any portion of the Net Settlement Amount allocated to Class Members but not claimed by cashing their respective settlement checks before the deadline, the residue shall be paid out pursuant to California's Code of Civil Procedure § 384(b) in the following manner:

(1) 25% to the State Treasury for deposit in the Trial Court Improvement and Modernization Fund;

|   |   |   |
|---|---|---|
| 1 | (2) | 25% to the State Treasury for deposit into the Equal Access Fund of the Judicial Branch; and |
| 2 | (3) | 50% to the Sacramento Voluntary Legal Services Program of Northern California Employment Law Clinic as the cy pres beneficiary. |

Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 27) is GRANTED.

8. AWARDING ATTORNEYS FEES AND COSTS

The Court also approves the payment of $100,000 to Class Counsel in Attorney's Fees pursuant to Rule 23(h). As provided above, the Court finds notice to the Class, including information regarding the requested award of attorneys' fees, costs, and Claim Administrator costs, was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1). Class Members have been given the opportunity to object in compliance with Rule 23(h)(2), and no Class Member objected to any portion of the Settlement Agreement, including the requested attorneys' fees, costs, and Claim Administrator costs.

The amount of $100,000 represents 25% of the Gross Settlement Amount, which comports with the benchmark dictated by the Ninth Circuit in common fund cases such as the present action. The declarations submitted in support of the motion demonstrate that the attorneys representing the Class have the experience and qualifications necessary to represent the Class. The results obtained on behalf of the Class also demonstrate Class Counsels' skill and quality of work. Additionally, counsel have substantiated their common fund fee request of 25% with declarations describing the complexity and risks associated with this case, the quality of Class Counsel and the results obtained, and the risks and financial burden undertaken by Class Counsel in agreeing to litigate this matter on a contingency basis. The 25% fee request also falls within range of percentages awarded in similar class action settlements generally and wage and hour class settlements specifically.

In terms of a Lodestar cross-check, this amount represents a multiplier of about .7% of the Lodestar amount, which counsel provides would be approximately $128,575.00 based on their hourly rate and a total combined 315.2 hours spent on the case as of August 2019. The Court agrees that the time spent is reasonable but notes that rates of $600 per hour for a partner and $450 per hour for a senior associate—as claimed by counsel in this matter—are high in this district. As a result, counsel's proposed Lodestar of $128,575.00 is higher than courts in this district have routinely approved.

Regardless, counsel's request of $100,000—a reduction from the Lodestar, which itself does not include any work performed after August 2019—seems to take this into account. Moreover, the absence of a positive multiplier in this case, and the absence of any objection by either Class Members or Defendant, demonstrates the reasonableness of the fee.

Further, the Court approves payment up to the amount of $9,049.32 in Class Counsel Expenses to be paid from the Gross Settlement Amount. This amount is less than the $12,000 estimated in the Settlement and Class Notice and includes costs associated with postage, photocopying, printing, travel, mediation, research, and filing fees, which the Court finds are costs typically billed by attorneys to hourly-paying clients. The costs and expenses are documented, and reasonable and necessary to the prosecution of this action.

Therefore, Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 26), is GRANTED. The Court awards Class Counsel $100,000.00 in attorneys' fees and $9,049.32 in litigation expenses, and awards Simpluris, Inc., $18,004.00 in administration fees. The amounts are to be paid from the Gross Settlement Amount pursuant to the terms and timeframe set forth in the Settlement Agreement.

Lastly, IT IS FURTHER ORDERED that this final approval order is effective as a final judgment and this action shall be dismissed per the terms of the Settlement Agreement. This matter is subject to the Court's continuing jurisdiction to monitor and enforce the terms of this order and the approved Agreement. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: December 13, 2019

Troy L. Nunley
United States District Judge